IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE

| | | |
|---|---|---|
| IN RE: | ) | No. 09-07306 |
| | ) | |
| THREE RIVERS OF RUTHERFORD, LLC, | ) | Chapter 11 |
| | ) | |
| Debtor. | ) | |

**MOTION FOR RELIEF FROM STAY AND ABANDONMENT
OR FOR ADEQUATE PROTECTION**

Comes now New South Federal Savings Bank ("New South"), by and through counsel, and respectfully moves the Court for relief from the automatic stay pursuant to Section 362(d) of Title 11 of the United States Code (the "Bankruptcy Code") to allow it to enforce its security interest in certain real property (the "Property"), described in greater detail below and in the attached documents, and for abandonment of the Property pursuant to Section 554 of the Bankruptcy Code. In support of this Motion, New South would state as follows:

1. The Debtor initiated this case by filing a voluntary petition under Chapter 11 of the Bankruptcy Code on June 30, 2009 (the "Petition Date").

2. On March 24, 2004, the Debtor executed that certain Promissory Note (the "Note"), a true and correct copy of which is attached as <u>Exhibit 1</u> hereto, in the face amount of $8,550,000 in favor of New South.

3. The obligations of the Debtor to New South evidenced by the Note are secured by that certain Deed of Trust, Assignment of Rents and Leases, Security Agreement and Financing Statement (the "Deed of Trust"), a true and correct copy of which is attached as <u>Exhibit 2</u> hereto, dated March 24, 2004, and recorded in the office of the Rutherford County Register of Deeds on

March 26, 2004, in Record Book 370, Pages 175-193.  The Property is described in Exhibit A to the Deed of Trust.

4. New South and the Debtor agreed to extend the maturity date on the Note on several occasions, the most recent of which was when New South and the Debtors entered into that certain Loan Modification and Extension Agreement (the "Extension Agreement"), a true and correct copy of which is attached as Exhibit 3 hereto, dated July 17, 2008.  Pursuant to the Extension Agreement, the Debtor's obligations to New South matured by their terms on March 24, 2009.

5. Also on July 17, 2008, New South and the Debtor executed that certain Amendment to Deed of Trust, Assignment of Rents and Leases, Security Agreement and Financing Statement, a true and correct copy of which is attached as Exhibit 4 hereto, recorded in the office of the Rutherford County Register of Deeds on July 24, 2008, in Record Book 859, Pages 2473-2476.

6. The Debtor's obligations to New South have matured by their terms and are due and payable in full.

7. "On request of a party in interest and after notice and a hearing, the court shall grant relief from the stay . . . such as by terminating, annulling, modifying, or conditioning such stay – (1) for cause, including the lack of adequate protection of an interest in property of such party in interest . . ."  11 U.S.C. § 362(d)(1).

8. Since the filing of this Chapter 11 Petition, the Debtor has remained in possession of the Property.  Debtor's continued retention and use of the Property, together with the passage of time and market conditions, is resulting in depreciation in the value of New South's interests in the Property.

9. New South is entitled adequate protection of its interest in the Property, such as through cash payments or periodic cash payments to New South to the extent that the stay under Section 362 of the Bankruptcy Code results in a decrease in the value of New South's interest in the Property.

10. To the extent the Debtor does not provide New South with adequate protection of its interest in the Property, New South states that it is entitled to relief from the stay pursuant to Section 362(d)(1) of the Bankruptcy Code.

11. "On request of a party in interest and after notice and a hearing, the court shall grant relief from the stay . . . such as by terminating, annulling, modifying, or conditioning such stay . . . (2) with respect to a stay of an act against property . . . if (A) the debtor does not have an equity in such property; and (B) such property is not necessary to an effective reorganization." 11 U.S.C. § 362(d)(2).

12. "Equity is the value, above all secured claims against the property, that can be realized from the sale of the property for the benefit of the unsecured creditors." Stephens Indus., Inc. v. McClung, 789 F.2d 386, 392 (6th Cir. 1986) (internal quotation marks and ellipsis omitted) (quoting In re Mellor, 734 F.2d 1396, 1400 n. 2 (9th Cir. 1984)). The determination of whether the Debtor has equity in the Property is made based on the value of the Property and indebtedness secured by liens against the Property at the time the Motion is filed. See In re Sun Valley Newspapers, Inc., 171 B.R. 71, 75 (B.A.P. 9th Cir. 1994). The movant has the burden of showing that Debtor has no equity in the Property. See 11 U.S.C. § 362(g)(1).

13. To the extent the obligations of the Debtor to New South secured by the Property exceed the value of the Property, the Debtor does not have equity in the Property.

14. The Debtor has the burden of showing that the Property is necessary to an effective reorganization. See 11 U.S.C. § 362(g)(2). "Once the movant under Section 362(d)(2) establishes that he is an undersecured creditor, it is the burden of the debtor to establish that the collateral at issue is 'necessary to an effective reorganization.'" United Savings Ass'n v. Timbers of Inwood Forest, 484 U.S. 365, 375 (1987). "What this requires is not merely a showing that if there is conceivably to be an effective reorganization, this property will be needed for it; but that the property is essential for an effective reorganization that is in prospect." Id. at 375-76 (emphasis in original). "[T]here must be a reasonable possibility of a successful reorganization within a reasonable time." Id. at 376 (internal quotation marks omitted). The Debtor has not shown that the Property is necessary to an effective reorganization.

15. If the Debtor has no equity in the Property and the Property is not necessary to an effective reorganization, New South states that it is entitled to relief from the stay pursuant to Section 362(d)(2) of the Bankruptcy Code.

16. New South further states that the Court should order the abandonment of the Property pursuant to 11 U.S.C. § 554(b) because the Property is burdensome to the estate or of inconsequential value and benefit to the estate.

17. New South hereby requests that the relief granted by the Court pursuant to this motion be effectively immediately and that the stay provided for by Rule 4001(a)(3), Federal Rules of Bankruptcy Procedure, be waived.

WHEREFORE, New South Federal Savings Bank respectfully requests that the Court require the Debtor to adequately protect New South's interest in the Property or, alternatively, terminate, vacate and modify the automatic stay to the extent necessary to permit New South to enforce its rights with respect to the Property pursuant to applicable state law and its loan

documents, order the abandonment of any interest of the estate in the Property, and grant New South such other relief as is just and appropriate.

DATED: August 21, 2009.

Respectfully submitted,

/s/ Austin L. McMullen
Austin L. McMullen (No. 20877)
BRADLEY ARANT BOULT CUMMINGS, LLP
1600 Division Street, Suite 700
P. O. Box 340025
Nashville, Tennessee 37203
Phone: (615) 252-2307
Fax: (615) 252-6307
AMcMullen@BABC.com

*Attorneys for New South Federal Savings Bank*

## **CERTIFICATE OF SERVICE**

   I hereby certify that I have cause a true and correct copy of the foregoing to be sent by electronic delivery to all parties consenting to service through the Court's CM/ECF system and by U.S. Mail, postage pre-paid, to the following:

| | |
|---|---|
| Three Rivers of Rutherford, LLC<br>1518 Georgetown Court<br>Murfreesboro, TN  37129 | Three Rivers of Rutherford, LLC<br>P.O. Box 331822<br>Murfreesboro, TN  37133-1822 |
| Three Rivers of Rutherford, LLC<br>ATTN:  Clair Vanderschaaf, Chief Manager<br>P.O. Box 331822<br>Murfreesboro, TN  37133-1822 | Paul E. Jennings<br>Paul E. Jennings Law Office<br>805 South Church St., Ste. 3<br>Murfreesboro, TN  37130 |

U.S. Trustee's Office
ATTN: Charles M. Walker
701 Broadway, Suite 318
Nashville, TN  37203

on this the 21st day of August, 2009.

                /s/ Austin L. McMullen
                Austin L. McMullen